UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY DEVLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-149 |
| | § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the court is plaintiff Kelly Devlin's motion to strike defenses pursuant to Federal Rule of Civil Procedure 12(f). Dkt. 7. Having considered the motion, the response, and the applicable law, Devlin's motion is DENIED as detailed below.

### I. BACKGROUND

In her complaint, Devlin asserts violations of the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family Medical Leave Act. Dkt. 1. Specifically, the complaint alleges Memorial Hermann Healthcare System ("MHHS") fired Devlin from her job because of her association with an individual with a disability and therefore discriminated against her. *Id*. In addition, Devlin claims MHHS engaged in conduct designed to discourage her from exercising her rights under the FMLA and then fired her in response to her exercise of her right to take intermittent leave to prevent her from taking intermittent leave in the future. *Id*.

In its answer, MHHS denied the allegations and pled ten paragraphs containing affirmative defenses—which the court has labeled one through ten. Dkt. 6. Now Devlin moves the court to strike each of the affirmative defenses from MHHS's answer pursuant to Rule 12(f). Dkt. 7. Devlin alleges the defenses are boilerplate assertions not supported by factual contentions and therefore

inadequate. *Id.* MHHS counters that the affirmative defenses are self explanatory and provide sufficient information to give Devlin fair notice. Dkt. 10.

## II. ANALYSIS

Federal Rule of Civil Procedure Rule 12(f) allows the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike defenses are generally disfavored and infrequently granted because such motions are drastic remedies and are often sought by the movant simply as a dilatory tactic. *See Augustus v. Bd. of Pub. Instruction of Escambia County, Florida*, 306 F.2d 862 (5th Cir. 1962); *FDJC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex.1993).

Rule 8(c) requires a party to set forth any affirmative defense in a responsive pleading. FED. R. CIV. P. 8(c). An affirmative defense is subject to the same pleading requirements as the complaint. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Rule 8(a)(2) requires a complaint only to have "'a short and plain statement of the claim showing that the pleader is entitled to relief;' specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). Nevertheless, a defendant must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. A plaintiff has "fair notice" when the defendant "sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993). In some cases, merely pleading the name of the affirmative defense will suffice. *Woodfield*, 193 F.3d at 362. *See also Stoffels v. SBC Communications, Inc.*, No. 05-CV-0233-WWJ 2008 WL 4391396, at 2 (W.D. Tex., Sept. 22, 2008) (finding defense of "limitations" to be self-explanatory and thus not prejudicial). The relevant question is whether the plaintiff was prejudiced

by the affirmative defense. This inquiry comports with the Supreme Court's interpretation of the purpose of Rule 8(c), which is to give the opposing party notice of the affirmative defense and a chance to argue why the defense should not apply. *See Pasco v. Knoblauch* 566 F.3d 572, 578 (5th Cir. 2009); *See also Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 91 S. Ct. 1434 (1971).

The court finds that the MHHS's answer provides Devlin with sufficient notice regarding eight of the ten affirmative defenses at issue. Affirmative defenses one, three, four, five, six, seven, eight, and nine are self-explanatory. Similar to a defense of limitations, each of these defenses gives Devlin fair notice simply by pleading the name of the affirmative defense. *Woodfield*, 193 F.3d at 362. Devlin has the information necessary to respond adequately.

Regarding the affirmative defense stated in paragraph two of its answer, MHHS does not identify any of the condition precedents, administrative prerequisites, or applicable statute of limitation requirements that Devlin has failed to satisfy. In respect to the affirmative defenses asserted in paragraph ten of the answer, MHHS does not identify any support for the defenses of ratification, waiver, estoppel, and/or latches. However, in its response, MHHS states it will amend its answer "subject to further discovery" with respect to the defenses asserted in paragraph two. Dkt. 10. Similarly, with respect to the affirmative defenses in paragraph ten, MHHS stated it will "amend its answer to assert additional information or dismiss this affirmative defense" after initial discovery. *Id.* Because affirmative defenses may be waived if not timely pled, the court will not strike them at this time. However, Devlin is given leave to reurge her motion to strike only with respect to the affirmative defenses described in paragraphs two and ten at the close of discovery. Accordingly, Devlin's motion is DENIED.

### III. CONCLUSION

After reviewing Devlin's motion to strike defenses pursuant to Federal Rule of Civil Procedure 12(f), the motion is DENIED as detailed above.

It is ORDERED.

Signed at Houston, Texas on July 23, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY